### DOERSCHUCK v. UNITED STATES (three cases).
### THOMAS· v. SAME.

(District Court, E. D. New York. March 17, 1921.)

Internal revenue ☞7—Debenture bonds issued as dividends to stockholders held taxable as "income."

Debenture bonds, issued by a corporation to its stockholders, representing accumulated surplus or undivided profits, so far as they represent earnings since March 1, 1913, *held* taxable as "income" of the stockholders, under Act Sept. 8, 1916, § 2a (Comp. St. § 6336b [a]).

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Income.]

At Law. Separate actions by Richard R. Doerschuck, by Ralph M. Thomas, by Walter J. Doerschuck, and by George C. Doerschuck against the United States. Complaints dismissed.

Harold H. Seaton, of Brooklyn, N. Y., for plaintiff.

Leroy W. Ross, U. S. Atty., of Brooklyn, N. Y. (Chas. J. Buchner, Asst. U. S. Atty., of Brooklyn, N. Y., of counsel), for the United States.

CHATFIELD, District Judge. The plaintiff in each of the above actions has paid income tax on one-quarter of an issue of debenture bonds of the North American Brewing Company, which came into the hands of the plaintiffs because of the ownership by each of 1,230 shares (or one-quarter) of the entire capital stock of said North American Brewing Company. The directors of said corporation had voted an issue of $738,000 of debenture bonds from a surplus or undivided profits amounting to $840,368.09, which had accrued between 1906 and July 1, 1916. The portion of the bonds representing surplus earned before March 1, 1913, was not taxed and hence is not involved in these actions. The balance, viz. $262,334.44, was assessed as income for the year 1916, during which year each of the plaintiffs had received his one-quarter part of said funds.

In the case of Eisner v. Macomber, 252 U. S. 189, 40 Sup. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570, shares of stock were issued in the form of a dividend to stockholders, leaving ownership of the property in the stockholders the same as before the issuance; that is, the prop-

erty representing the value of the stock was the same, and the only change was that each stockholder held two certificates, representing in the aggregate and in theory the same stock value as previously had been represented by one certificate. It was held in that case that such stock dividend was not equivalent, for the purposes of income tax, to the payment of a dividend in property or in cash, and was not to be taxable as income under Act Sept. 8, 1916, §§ 1, 2, and 3 (Comp. St. §§ 6336a–6336c).

The plaintiffs in the present action rely upon the case of In re Fechheimer Fishel Co., 212 Fed. 357, 129 C. C. A. 33, which holds that debenture bonds, having the characteristic features of preferred stock, are, from the standpoint of creditors of the corporation, when the corporation becomes insolvent, no different than such preferred stock. It would follow from this that, for the purpose of liquidation or dissolution of the corporation, or for consideration in insolvency or bankruptcy proceedings, such debenture holders would not rank as general creditors.

Plaintiffs also cite the case of Cass v. Realty Securities Co., 148 App. Div. 96, 132 N. Y. Supp. 1074, which held that bonds having a definite date and conditioned as were the debenture bonds in the present action were for the purposes under consideration in that case equivalent to preferred stock, and should not be considered as bonds in the usual meaning of that word. It has been held in Peabody v. Eisner, 247 U. S. 347, 38 Sup. Ct. 546, 62 L. Ed. 1152, that a dividend of shares in another corporation is taxable as income of the corporation owning the shares and distributing it as a dividend in specie rather than in money.

In Strattan's Independence v. Howbert, 231 U. S. 399, 34 Sup. Ct. 136, 58 L. Ed. 285, it was held that the transformation of ores in a mine into cash proceeds through the business of mining was a production of income, in so far as net profits were concerned, and that the amount by which the body of ore was reduced should not be added as a part of the expenses of conducting the business. This illustrates the difference between the production of income and the mere changing of form in which capital may be owned by the individual stockholder. In Eisner v. Macomber, supra, 252 U. S. at page 208, 40 Sup. Ct. at page 194, 64 L. Ed. 521, 9 A. L. R. 1570, the court says:

"The stockholder has the right to have the assets employed in the enterprise, with the incidental rights mentioned; but, as stockholder, he has no right to withdraw, only the right to persist, subject to the risk of the enterprise, and looking only to dividends for his return."

It is apparent, therefore, in the present case, that the plaintiffs received an actual payment (in the form of securities available for disposition in the market, and entirely severed or distinguished from their control of the property as stockholders) of profits which the company wished to distribute as earnings to its stockholders. It did this by distribution of obligations which, like a promissory note, called for the payment of cash, and did not invest the holder with merely a different form of holding of stock.

There is no question here between the persons receiving this dividend and creditors as to priority of payment. Evidently, so far as these

debenture bonds are concerned, the corporation was solvent, and to whatever extent they might be of value this value was separated from any stockholders' control of the corporation. As stated in Eisner v. Macomber, supra, 252 U. S. at page 212, 40 Sup. Ct. at page 195, 64 L. Ed. 521, 9 A. L. R. 1570:

"It is said that a stockholder may sell the new shares acquired in the stock dividend; and so he may, if he can find a buyer. It is equally true that, if he does sell, and in doing so realizes a profit, such profit, like any other, is income, and, so far as it may have arisen since the Sixteenth Amendment, is taxable by Congress without apportionment."

The debenture bonds in the suit at bar fall into the class of, stock sold rather than stock held in a continued status of shareholder.

The complaints should be dismissed.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes