RAIL JOINT COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 46003.    Promulgated April 22, 1931.

*B. B. Pettus, Esq.*, for the petitioner.
*W. R. Lansford, Esq.*, for the respondent.

OPINION.

STERNHAGEN: The taxpayer, in 1914, declared a bond dividend whereby it promised to pay to its shareholders an amount equal to part of the ascertained increment in value of its property over its capital stock. It had not realized this increment by sale or disposition of its property, the increment having been disclosed by an appraisal. Thus it created a bonded debt not for a received consideration, but by way of a dividend, and the dividend was of course not a tax deduction or any other factor of the corporation's income, although it may have been income to the recipient shareholder, *Doerschuck* v. *United States*, 274 Fed. 739. In its fiscal years 1926 and 1927, the corporation bought some of these bonds for less than the face amount of their obligations—that is, it paid less to discharge its dividend debt than it had promised to pay when it declared the dividend, and was thus discharged of the obligations. In our opinion, there has been no gain to be included in income from this

transaction. We reach this conclusion not merely because the case is somewhat like numerous others already decided, but because an analysis of its own facts discloses less ground for a determination of income than some of those heretofore considered. *National Sugar Mfg. Co.*, 7 B. T. A. 577; *John F. Campbell Co.*, 15 B. T. A. 458 (now on review); *Kirby Lumber Co.*, 19 B. T. A. 1046 (now on review); *Coastwise Transportation Co.*, 22 B. T. A. 373.

Whatever might be said of cases where the debtor corporation has actually received cash or property and later pays less than it had promised and accounted for, it does not apply to a case like this, where it received nothing, but merely raised its book value, declared a dividend, and paid less than its amount. Even the converse of the *Callanan Road Improvement Co.*, 12 B. T. A. 1109, would require a distribution of the enhanced property itself as the realization of gain. It is not enough to speak only of buying and retiring bonds for less than par; the question is whether there has been gain under all the circumstances, and this requires consideration of all that has been received or accrued on the one hand and given up on the other. If and when this petitioner sells or otherwise disposes of its property and thus brings to realization the increment in its value, the question of gain will arise. Meanwhile it can not be said to have realized the gain by the course so far taken.

*Judgment will be entered under Rule 50.*