APPEAL OF CHARLES OWEN.[1]

Docket No. 2997. Submitted October 20, 1925. Decided February 19, 1926.

> Under the facts of this appeal, *held*, that the distribution to its stockholders, by the Osage Natural Gas Co., of 2,000 shares of the capital stock of the Owen-Osage of West Virginia, owned by it, as a step in or preliminary to the merger of the two corporations, resulted in taxable income to the stockholders of the Osage Natural Gas Co. to the extent that the distribution was made from the earnings of that company.

*Charles J. Kappler, Esq., Walter E. Barton, Esq., W. L. Clark, C. P. A.*, and *H. A. Wells, C. P. A.*, for the taxpayers.
*M. N. Fisher, Esq.*, for the Commissioner.

Before MARQUETTE, GREEN, and LOVE.

These appeals are from determinations of deficiencies in income tax for the year 1919, as follows:

| | | | |
|---|---|---|---|
| Charles Owen | $58,045.92 | Charles M. Casey | $38.79 |
| Stephen H. Watts | 499.95 | C. A. Hancock | 406.96 |
| R. O. Horton | 370.06 | A. S. White | 80.26 |
| R. C. Watts | 240.00 | James F. Casey | 33.00 |
| Charles J. Kappler | 96.26 | E. H. Hancock | 220.00 |
| Pauline W. Owen | 2,132.04 | R. T. Watts, Jr | 187.20 |
| Charles E. Heald | 1,763.92 | H. O. Miller | 113.18 |
| C. M. Guggenheimer | 176.00 | C. G. Shannon | 327.70 |

They involve the same facts and present the same question, to wit, whether or not the taxpayers, in the year 1919, realized dividends

---

[1] The following appeals were heard with the above-entitled appeal and are decided herewith: Appeals of Stephen H. Watts, No. 1958; R. O. Horton, No. 2659; R. C. Watts, No. 2703; Charles J. Kappler, No. 2998; Pauline Owen, No. 3034; Charles E. Heald, No. 3054; C. M. Guggenheimer, No. 3055; Charles M. Casey, No. 3056; C. A. Hancock, No. 3057; A. S. White, No. 3058; James F. Casey, No. 3059; E. H. Hancock, No. 3060; R. T. Watts, Jr., No. 3061; H. O Miller, No. 7730; and C. G. Shannon, No. 7731.

as the result of the distribution to them of 2,000 shares of the capital stock of the Owen-Osage Oil & Gas Co. of West Virginia, owned and held by the Osage Natural Gas Co., of which they were stockholders. The appeals were consolidated for hearing and decision.

FINDINGS OF FACT.

The Osage Natural Gas Co. was organized under the laws of the State of Delaware on June 19, 1916. The Owen-Osage Oil & Gas Co., hereinafter called the Owen-Osage of West Virginia, was organized under the laws of the State of West Virginia on August 10, 1917. Both corporations were organized for the general purpose of producing and trading in oil and gas.

The total authorized capital stock of the Osage Natural Gas Co. was 10,000 shares, of the par value of $100 per share, and the total authorized capital stock of the Owen-Osage of West Virginia was 2,500 shares, of the par value of $100 per share.

On October 31, 1919, and until the consolidation, as hereinafter set forth, was consummated, Charles Owen owned a majority of the stock of the Osage Natural Gas Co., to wit, 5,146 shares. On October 31, 1919, the Osage Natural Gas Co. owned 2,000 shares of stock of the Owen-Osage of West Virginia. That stock was acquired by the Osage Natural Gas Co. in 1917, in consideration of the assignment of certain gas and oil lands to the Owen-Osage of West Virginia, and was held by the Osage Natural Gas Co. until the same was apportioned among its own stockholders in December, 1919, as hereinafter set forth. On October 31, 1919, and until such time as the apportionment was made, Charles Owen owned 71 shares of stock of the Owen-Osage of West Virginia.

In 1919, and thereafter until the consolidation, as hereinafter set forth, was consummated, Charles Owen was the president and the chairman of the boards of directors of both corporations. Some time prior to November 19, 1919, he conceived the idea of consolidating the Osage Natural Gas Co. and the Owen-Osage of West Virginia into a new corporation. He discussed this plan with V. A. Hays, his friend and adviser, who later became the secretary, treasurer, auditor, and general office manager of the new corporation; and also with members of the boards of directors of the Osage Natural Gas Co., and the Owen-Osage of West Virginia. The board of directors of both these corporations, at special meetings held on November 19, 1919, passed resolutions recommending to their respective stockholders that the proposed plan of consolidation be adopted.

The proposed plan provided for the organization of a corporation under the laws of the State of Delaware, to be known as the

Owen-Osage Oil & Gas Co., hereinafter called the Owen-Osage of Delaware, with an authorized capital stock of 75,000 shares of no par value. The plan further provided that the Osage Natural Gas Co. should receive 40,000 shares and the Owen-Osage of West Virginia should receive 10,000 shares of stock of the new corporation, in consideration for the transfer of the assets (subject to their liabilities) of the old corporations.

On November 24, 1919, the certificate of incorporation of the Owen-Osage of Delaware was executed by the incorporators, and on December 1, 1919, the certificate was filed with the Secretary of the State of Delaware. The Owen-Osage of Delaware was organized for the general purpose of producing and trading in oil and gas, with corporate powers similar to those of the Osage Natural Gas Co. and the Owen-Osage of West Virginia. Its authorized capital stock was 75,000 shares of no par value.

Pursuant to notices calling special meetings, the respective stockholders of the Osage Natural Gas Co. and the Owen-Osage of West Virginia met on December 1, 1919, at the office of the company in Caney, Kans., and adjourned until December 2, 1919, at which time they voted unanimously to consolidate the properties of the Osage Natural Gas Co. and the Owen-Osage of West Virginia into the new Owen-Osage of Delaware.

At a special meeting held on December 1, 1919, the board of directors of the Osage Natural Gas Co. passed a resolution apportioning pro rata among the stockholders of said corporation the 2,000 shares of stock of the Owen-Osage of West Virginia, which was owned by the Osage Natural Gas Co. At the same meeting a cash dividend of $9 per share was declared. The resolutions, dated December 1, 1919, voting said cash dividend and apportioning said stock, provided as follows:

*Resolved*, That a dividend of nine (9) dollars per share be paid to stockholders of record, as of December 31, 1919, payment to be made Jan. 2, 1920.

*Resolved*, that the two thousand shares (2000) of the Owen-Osage Oil and Gas Company (West Virginia) stock owned by this Company be distributed pro rata among the present stockholders of the Osage Natural Gas Company, giving each of them one-fifth (1/5) of one (1) share for each share now held, and proper officers are hereby directed to have reissued on above basis and mailed to them.

The 2,000 shares of the capital stock of the Owen-Osage of West Virginia were distributed among the stockholders of the Osage Natural Gas Co., in accordance with the resolution of the board of directors of December 1, 1919. The taxpayers herein were stockholders of the Osage Natural Gas Co. and they received the proper number of shares of stock of the Owen-Osage of West Virginia to which they were respectively entitled under said apportionment.

The first meeting of the board of directors of the Owen-Osage of Delaware was held on December 20, 1919, and at the meeting the directors voted to take over, on January 1, 1920, the assets and assume the liabilities of the Osage Natural Gas Co. and to issue therefor 40,000 shares of its capital stock, and also to take over, on January 1, 1920, the assets and assume the liabilities of the Owen-Osage of West Virginia, and to issue therefor 10,000 shares of its capital stock. Said stock was issued accordingly.

On or about January 5, 1920, the Osage Natural Gas Co. and the Owen-Osage of West Virginia issued to their stockholders four shares of the capital stock of the Osage-Owen of Delaware in exchange for each share of capital stock of the Osage Natural Gas Co. and the Owen-Osage of West Virginia owned by them.

The fair market value on December 1, 1919, of the 2,000 shares of the capital stock of the Owen-Osage of West Virginia distributed among its stockholders on that date by the Osage Natural Gas Co. was $200,000. It is stipulated by parties in this appeal that, if the distribution constituted a dividend, $152,631.35 was paid from earnings and $47,368.65 from capital.

The Commissioner, upon audit of the taxpayers' income-tax returns for the year 1919, determined that, as a result of the distribution involved herein, the stockholders of the Osage Natural Gas Co. received taxable dividends and that there were deficiencies in tax as above set forth.

### DECISION.

The deficiencies should be computed in accordance with the following opinion. Final determination will be settled on 10 days' notice, under Rule 50.

### OPINION.

MARQUETTE: The only question presented by this appeal is whether or not the stockholders of the Osage Natural Gas Co. received taxable income as a result of the distribution to them, pursuant to the resolution of the board of directors on December 1, 1919, of 2,000 shares of the capital stock of the Owen-Osage of West Virginia. The taxpayers contend that, looking through form to substance, the distribution in question was only a part of a single transaction, the consolidation or merger of the Osage Natural Gas Co. and the Owen-Osage of West Virginia, and that the stockholders of the Osage Natural Gas Co., on the completion of the merger or consolidation, did not receive a greater number of shares of the capital stock of the Owen-Osage of Delaware, than they would have received if the distribution, pursuant to the resolution of December 1, 1919, had not been made. The Commissioner contends that the distribution consti-

tuted a taxable dividend, in so far as it was made out of earnings of the Osage Natural Gas Co.

We have carefully considered the arguments advanced by the attorneys for the taxpayers, but we can not subscribe to their contention. We think that the distribution to the stockholders of the Osage Natural Gas Co., pursuant to the resolution of December 1, 1919, of 2,000 shares of the capital stock of the Owen-Osage of West Virginia, constituted a dividend, and that, so far as it was paid out of earnings, it was taxable income to the recipients. It may be noted that the plan of the consolidation or merger of the two corporations into the Owen-Osage of Delaware was for the last-named corporation to issue its capital stock to the two merging corporations, and in exchange it was to receive all of their assets, subject to their liabilities. Before making the exchange, however, the directors of the Osage Natural Gas Co. saw fit to reduce its assets by distributing among its stockholders about $90,000 in cash and the shares of stock it then owned in the Owen-Osage of West Virginia. What the purpose of that distribution was, the record does not disclose. However, it may be assumed that the motive, whatever it may have been, that impelled or prompted the declaration of the distribution or dividend to the stockholders, of cash and stock on December 1, 1919, concerned equally both the cash and stock—that is, the same motive prompted the distribution of cash that prompted the distribution of the stock. Certainly, no one will seriously contend that the distribution of cash to the extent of $9 a share did not, in so far as it was paid out of earnings, constitute taxable income to the stockholders.

We can perceive no sound reason for placing the distribution of the stock on a different basis from the distribution of the cash. Both the cash and stock were assets of the corporation and, when the distribution had been completed, the assets were reduced by the amount of the cash plus the amount at which the stock had been carried on the corporation's books. We do not consider that all of the acts performed by the two corporations, outlined in the findings of fact, are necessarily to be considered as steps in the merger or consolidation and that taken together they constitute one transaction. We consider, rather, that the distribution made by the Osage Natural Gas Co. pursuant to the resolution of December 1, 1919, was a step preliminary to the consolidation or merger, taken to reduce the assets to be turned over to the Owen-Osage of Delaware in exchange for shares of its capital stock.

Viewed as a separate transaction, the distribution involved herein presents a situation essentially identical with that found in the case of *Peabody* v. *Eisner*, 247 U. S. 347. The facts in that case were that on March 1, 1914, the Union Pacific Railroad Co. paid a dividend on each share of its common stock amounting to $3 in cash,

$12 in par value of preferred stock of the Baltimore & Ohio Railroad Co., and $22.50 in par value of the common stock of the same company. The Supreme Court held that the dividend of the stock was governed by the same rule applicable to the distribution of a like value of money.

However, assuming that the distribution in question was an essential and necessary part of the merger or consolidation of the Osage Natural Gas Co. and the Owen-Osage of West Virginia, we are of the opinion that it nevertheless constituted a taxable transaction. In the *Appeal of Edward A. Langenbach*, 2 B. T. A. 777, the evidence established that, in the reorganization of a corporation of which the taxpayer was a stockholder, all of its assets were sold for a cash consideration to a new corporation of another State, organized for the purpose of taking over the business of the first corporation. Upon receipt of the cash, the old corporation declared a dividend of the amount of its surplus. The taxpayer then transferred his shares of stock to the new corporation and received the par value thereof in cash. The amounts so received by him as dividends and in payment for his shares were immediately paid over by him for shares in the new corporation. The Board, holding that the dividend was taxable, said:

Here the corporation declared and the stockholder received a *cash* dividend, which, were it not for his voluntary contract, he had under his complete dominion. At the moment of its receipt he realized income, and what he did with it thereafter, irrespective of how soon, can not change its character at that time. *Appeal of Regal Shoe Co.*, 1 B. T. A. 896; *Appeal of E. C. Huffman*, 1 B. T. A. 52.

It is our opinion, therefore, that the taxpayer can not escape tax because the amounts received were incidental to the reorganization.

The only real difference between the dividend involved in the *Appeal of Edward A. Langenbach* and the transaction under consideration herein, considering them as steps in a reorganization or merger, is that the one was paid in cash, while the other was paid in shares of another corporation. The fact that the distribution by the Osage Natural Gas Co. was made in shares of the Owen-Osage of West Virginia does not change its taxable character. *Peabody* v. *Eisner, supra*.

Whether the distribution by the Osage Natural Gas Co. of the 2,000 shares of the Owen-Osage of West Virginia be considered as a separate transaction or as a step in the merger or consolidation of the two corporations, it is our opinion that it resulted in taxable income to the stockholders of the Osage Natural Gas Co. in the amount of $152,631.35.