*908 OPINION.
Makquette
: The only question presented by this appeal is whether or not the stockholders of the Osage Natural Gas Co. received taxable income as a result of the distribution to them, pursuant to the resolution of the board of directors on December 1, 1919, of 2,000 shares of the capital stock of the-Owen-Osage of West Virginia. The taxpayers contend that,- looking through form to substance, the distribution in question was only a part of a single transaction, the-consolidation or merger of the Osage Natural Gas Co. and the Owen - Osage of West Virginia, and that the stockholders of the Osage Natural Gas Co., on the completion of the merger, or consolidation, did not receive a greater number of shares of the capital stoek of the Owen-Osage of Delaware, than they would have received if the distribution, pursuant to the resolution, of December 1, 1919, had not. been made. The Commissioner contends that the distribution consti *909 tuted a taxable dividend, in so far as it was made out of earnings of the Osage Natural Gas Co.
We have carefully considered the arguments advanced by the attorneys for the taxpayers, but we can not subscribe to their con-1, ention. We think that the distribution to the stockholders of the Osage Natural Gas Co., pursuant to the resolution of December 1, 1919, of 2,000 shares of the capital stock of the Owen-Osage of West Virginia, constituted a dividend, and that, so far as it was paid out of earnings, it was taxable income to the recipients. It may be noted that the plan of the consolidation or merger of the two corporations into the Owen-Osage of Delaware was for the last-named corporation to issue its capital stock to the two merging corporations, and in exchange it was to receive all of their assets, subject to their liabilities. Before making the exchange, however, the directors of the Osage Natural Gas Co. saw fit to reduce its assets by distributing among its stockholders about $90,000 in cash and the shares of stock it then owned in the Owen-Osage of West Virginia. What the purpose of that distribution was, the record does not disclose. However, it may be assumed that the motive, whatever it may have been, that impelled or prompted the declaration of the distribution or dividend to the stockholders, of cash and stock on December 1, 1919, concerned equally both the cash and stock — that is, the same motive prompted the distribution of cash that prompted the distribution of the stock. Certainly, no one will seriously contend that the distribution of cash to the extent of $9 a share did not, in so far as it was paid out of earnings, constitute taxable income to the stockholders.
We can perceive no sound reason for placing the distribution of the stock on a different basis from the distribution of the cash. Both the cash and stock were assets of the corporation and, when the distribution had been completed, the assets were reduced by the amount of the cash plus the amount at which the stock had been carried on the corporation’s books. We’ do not consider that all of the acts performed by the two corporations, outlined in the findings of fact, are necessarily to be considered as steps in the merger or consolidation and that taken together they constitute one transaction. We consider, rather, that the distribution made by the Osage Natural Gas Co. pursuant to the resolution of December 1, 1919, was a step preliminary to the consolidation or merger, taken to reduce the assets to be turned over to the Owen-Osage of Delaware in exchange for shares of its capital stock.
Viewed as a separate transaction, the distribution involved herein presents a situation essentially identical with that found in the case of Peabody v. Eisner, 247 U. S. 347. The facts in that case were that on March 1, 1914, the Union Pacific Bailroad Co. paid a dividend on each share of its common stock amounting to $3 in cash, *910 $12 in par value of preferred stock of the Baltimore & Ohio Bailroad Co., and $22.50 in par value of the common stock of the same company. The Supreme Court held that the dividend of the stock was governed by the same rule applicable to the distribution of a like value of money.
However, assuming that the distribution in question was an essential and necessary part of the merger or consolidation of the Osage Natural Gas Co. and the Owen-Osage of West Virginia, we are of the opinion that it nevertheless constituted a taxable transaction. In the Appeal of Edward A. Langenbach, 2 B. T. A. 117, the evidence established that, in the reorganization of a corporation of which the taxpayer was a stockholder, all of its. assets were sold for a cash consideration to a new corporation of another State, organized for the purpose of taking over the business of the first corporation. Upon receipt of the cash, the old corporation declared a dividend of the amount of its surplus. The taxpayer then transferred his shares of stock to the new corporation and received the par value thereof in cash. The. amounts so received by him as dividends and in payment for his shares were immediately paid over by him for shares in the new corporation. The Board, holding that the dividend was taxable, said:
Here the corporation declared and the stockholder received a cash dividend, which, were it not for his voluntary contract, he had under his complete dominion. At the moment of its receipt he realized income, and what he did with it thereafter, irrespective of how soon, can not change its character at that time. Appeal of Regal Shoe Co., 1 B. T. A. 896; Appeal of E. C. Huffman, 1 B. T. A. 52.
It is our opinion, therefore, that the taxpayer can not escape tax because the amounts received were incidental to the reorganization.
The only real difference between the dividend involved in the Appeal of Edward A. Langenbach and the transaction under consideration herein, considering them as steps in a reorganization or merger, is that the one was paid in cash, while the other was paid in shares of another corporation. The fact that the distribution by the Osage Natural Gas Co. was made in shares of the Owen-Osage of West Virginia does not change its taxable character. Peabody v. Eisner, supra.
Whether the distribution by the Osage Natural Gas Co. of the 2,000 shares of the Owen-Osage of West Virginia be considered as a separate transaction or as a step in the merger or consolidation of the two corporations, it is our opinion that it resulted in taxable income to the stockholders of the Osage Natural Gas Co. in the amount of $152,631.35.