# PEABODY *v.* EISNER, COLLECTOR OF INTER-NAL REVENUE.

## ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 705.   Argued March 4, 5, 6, 1918.—Decided June 3, 1918.

A dividend received by a shareholder after, from surplus profits of the corporation existing before, March 1, 1913, was subject to the "surtax" under the Income Tax Act of 1913. *Lynch* v. *Hornby, ante,* 339.

A dividend by a corporation of shares owned by it in another corporation is not a stock dividend and is subject to the tax, like an equivalent distribution of money. *Towne* v. *Eisner,* 245 U. S. 418, distinguished.

Affirmed.

THE case is stated in the opinion.

*Mr. Henry W. Clark* for plaintiff in error.

*The Solicitor General,* with whom *Mr. Wm. C. Herron* was on the brief, for defendant in error.

*Mr. Robert R. Reed,* by leave of court, filed a brief on behalf of the Investment Bankers' Association of America, as *amicus curiæ.*

MR. JUSTICE PITNEY delivered the opinion of the court.

This case arose under the Federal Income Tax Act of October 3, 1913, c. 16, 38 Stat. 114, 166. The controversy is over the first cause of action set up by plaintiff in error in a suit against the Collector for the recovery of an additional tax exacted in respect of a certain dividend

received by plaintiff in the year 1914, the facts being as follows: On and prior to March 1, 1913, and thenceforward until payment of the dividend in question, plaintiff was owner of 1,100 shares (out of a total of 2,000,000 shares outstanding) of common stock of the Union Pacific Railroad Company, of the par value of $100 each, and during the same period the company had large holdings of the common and preferred stocks of the Baltimore & Ohio Railroad Company. On March 2, 1914, the Union Pacific declared and paid an extra dividend upon each share of its common stock, amounting to $3 in cash, $12 in par value of preferred stock of the Baltimore & Ohio, and $22.50 in par value of the common stock of the same company; the result being that petitioner received as his dividend upon his holding of Union Pacific common stock $3,300 in cash, 132 shares of Baltimore & Ohio preferred and 247½ shares of Baltimore & Ohio common stock. In his income return for 1914 he included as taxable income $4.12 per share of this dividend, or $4,532 in all, and paid his tax upon the basis of this return. Afterwards he was subjected to an additional assessment upon a valuation of the balance of his dividend, and this, having been paid under protest, is the subject of the present suit, the theory of which is that the entire earnings, income, gains, and profits from all sources realized by the Union Pacific Railroad Company from March 1, 1913, to March 2, 1914, remaining after the payment of prior charges, did not exceed $4.12 per share of the Union Pacific common stock, and that the cash and Baltimore & Ohio stock disposed of in the extra dividend (so far as they exceeded the value of $4.12 per share of Union Pacific) did not constitute a gain, profit, or income of the Union Pacific, and therefore did not constitute a gain, profit, or income of the plaintiff arising or accruing either in or for the year 1914 or for any period subsequent to March 1, 1913, the date when the Income

Tax Law took effect. The District Court overruled this contention upon the authority of *Southern Pacific Co.* v. *Lowe*, 238 Fed. Rep. 847, and *Towne* v. *Eisner*, 242 Fed. Rep. 702. The latter case has since been reversed (245 U. S. 418), but only upon the ground that it related to a stock dividend which in fact took nothing from the property of the corporation and added nothing to the interest of the shareholder, but merely changed the evidence which represented that interest. *Southern Pacific Co.* v. *Lowe*, has been reversed this day, *ante*, 330, but only upon the ground that the Central Pacific Railway Company, which paid the dividend, and the Southern Pacific Company, which received it, were in substance identical corporations because of the complete ownership and control which the latter possessed over the former as stockholder and in other capacities, so that while the two companies were separate legal entities, yet in fact and for all practical purposes the former was but a part of the latter, acting merely as its agent and subject in all things to its direction and control; and for the further reason that the funds represented by the dividend were in the actual possession and control of the Southern Pacific Company as well before as after the declaration of the dividend. In this case the plaintiff in error stands in the position of the ordinary stockholder, whose interest in the accumulated earnings and surplus of the company are not the same before as after the declaration of a dividend; his right being merely to have the assets devoted to the proper business of the corporation and to receive from the current earnings or accumulated surplus such dividends as the directors in their discretion may declare; and without right or power on his part to control that discretion.

It hardly is necessary to say that this case is not ruled by our decision in *Towne* v. *Eisner*, since the dividend of Baltimore & Ohio shares was not a stock dividend but

a distribution *in specie* of a portion of the assets of the Union Pacific, and is to be governed for all present purposes by the same rule applicable, to the distribution of a like value of money. It is controlled by *Lynch* v. *Hornby*, this day decided, *ante*, 339.

*Judgment affirmed.*