■Booth, Judge,
delivered the opinion of the court:
The plaintiff was the owner of 250 shares of the E. I. du Pont de Nemours Powder Co., a New Jersey corporation. In September, 1915, a complete reorganization of the business of the company took place, and as the result of the same the plaintiff found himself the owner of his original shares in the New Jersey corporation and 500 shares in the new Delaware corporation. The defendant treated the new 5001 shares of stock in the Delaware corporation as income, and assessed against them at their fair market value an income tax of $5,657.97, which plaintiff paid under protest. The facts are in no wise controverted and the findings disclose the exact situation.
In Eisner v. Macomber, 252 U. S., 189, 207, the Supreme-Court, speaking of income, said:
“ The gain derived from capital, from labor, or from both combined * * * profit gained through a sale or conversion of capital assets, * * * not a gain accruing to-capital, not a growth or increment of value in the investment, but a gain, a profit, something of exchangeable value proceeding from the property, sever^l/from the capital, however invested or employed, and coming in, being ‘ derived,r that is, received or drawn by the recipient (the taxpayer) for his separate use, benefit and disposal — that is income derived from property. Nothing else answers the description.”
Again, in the same case the Supreme Court used the following language (p. 206):
*175 “ In order, therefore, that the clauses cited from Article I of the Constitution may have proper force and effect, save only as modified by the Amendment, and that the latter also may have proper effect, it becomes essential to distinguish between what is and what is not 1 income,’ as the term is there used; and to apply the distinction, as cases arise, according to truth and substance, without regard to form. Congress can not by any definition it may adopt conclude the matter, since it can not by legislation alter the Constitution, from which alone it derives its power to legislate, and within whose limitations alone that power can be lawfully exercised.”
Subjecting the facts herein to the rule announced, we find as the admitted status the following situation, viz: On September 30, 1915, the plaintiff’s 250 shares in the New Jersey corporation were worth on the market $795 each, of the total sum of $198,750. On October 1, 1915, the day he received his 500 shares additional in the new Delaware corporation, his 250 shares in the New Jersey corporation decreased in value $695 a share, and were then marketable at $100 per share, while the 500 new shares he received were worth in the open market $347.50 each, or a total value of $173,750. Addling this amount to. the decreased value of his New Jersey corporation stock, we find the plaintiff in exactly the same situation as to the value of his holdings in both corporations that Ke was prior to the reorganization. The figures indisputably demonstrate that by the transaction the plaintiff ■did not gain or lose a penny, as will with more precision appear from, the following tabulation:
■Sept. 30, 1915, 250 shares of stock of the New Jersey Corporation, at $795 each_$198,750
Total value Oct. 1,1915_'_ 198, 750
Oct. 1,1915, 500 shares of stock of the Delaware corporation, at $347.50- 173,750
Oct. 1, 1915, 250 shares of stock of the New Jersey corporation, at $100_’_ 25,000
Total value of the 750 shares in both_ 198,750
As a matter of fact if the position of the defendant is to be .sustained the plaintiff herein instead of receiving an income from the transaction loses $5,657.97 which he must pay from *176 gains derived from a source other than the one in controversy or out of his original investment.
The defendant contends that the New Jersey and Delaware corporations must be regarded as “separate and distinct legal entities ” and that the case is within the rule of Peabody v. Eisner, 247 U. S., 347. We think the whole transaction is to be regarded as merely a financial reorganization of the business of the company and that this view is justified by the power and duty of the court to look through the form of the transaction to its substance. In Eisner v. McComber, 252 U. S., 189 at 213, it is said:
“We have no doubt of the power or duty of a court to look through the form of the corporation and determine the question of the stockholder’s right, in order to ascertain whether he has received income taxable without apportionment.”
It seems incredible that Congress intended to tax as income a business transaction which admittedly produced no gain, no profit, and hence no income. If any income had accrued to the plaintiff by reason of the sale and exchange made it would doubtless be taxable.
Judgment will be awarded plaintiff in the sum of $5,657.97. It is so ordered.
Graham, Judge; Hay, Judge; DowNey, Judge; and Campbell, Chief Justice, concur.