*237 OPINION.
Akundell :
In 1921 the Southern Pacific Co. was the owner of all the capital stock of the Pacific Oil Co. In that year it paid a dividend in the form of a right to purchase stock of the Pacific Oil Co. at the price of $15 per share, which right had a fair market value on the date of its receipt of $18 per share. The value of the rights received by the petitioner should have been returned as an ordinary dividend taxable only at surtax rates. Peabody v. Eisner, 247 U. S. 347. The subsequent sale or other disposition of the property received by way of a dividend would give rise to gain or loss, dependent' upon the amount received therefor. In this case petitioner is entitled to deduction of the difference between $18,000 and $17,805. The tax for 1921 should accordingly be recomputed by including the $18,000 dividends in income as subject to surtax only, and by the allowance of the deduction of $195.
Petitioner seeks to bring the case within the principle laid down in Miles v. Safe Deposit Co., 259 U. S. 247. But the stock rights there in question were rights in the company of which petitioner was a stockholder and not in an independent company. It is true, as con *238 tended, that the effect of the issuance of the dividend in the instant case served to reduce the surplus of the Southern Pacific Co. and the value of petitioner’s stock therein. But this is very generally true and shares of stock selling “ ex-dividend ” usually reflect this fact. Lynch v. Hornby, 247 U. S. 339; U. S. v. Phellis, 257 U. S. 156.

Judgment will be entered under Rule 60.