*256 OPINION.
Seawell:
It is contended on behalf of the petitioners that the Marion Machine Foundry & Supply Co. of Marion, Ind., was in 1923 the true owner of the stock of the California corporation and that the Commissioner erred in asserting deficiencies against petitioners as the owners of the same, as a taxable dividend.
The issue must be determined in the light of the evidence of what was actually done relative to the stock of the California company, which action was based on the assumption that the Indiana company, a corporation, could not own or hold the stock of the California company, another corporation.
The only formal action taken bj^ the Indiana company, as a corporation, was the passage of the resolution on November 25, 1922, by its stockholders, and adopted by its directors on December 12, 1922, providing that the stock of the California corporation should be accepted by the stockholders of the Indiana corporation in payment of the sum of $50,000 owing it by one Sharon, and that Henry L. Erlewine be named as trustee for the stockholders of the Indiana corporation to hold in trust the stock of the California corporation for the use and benefit of the stockholders of the *257 Indiana corporation, such stock to be issued to the stockholders of the Indiana corporation in proportion to their then holdings therein and assigned and transferred to said Erlewine, trustee, and that such a trust agreement be prepared and entered into by and between said Erlewine as trustee and the respective stockholders of the Indiana corporation.
Agreements of the kind indicated and in part literally set forth in our findings of fact were executed by the stockholders of the Indiana corporation, including the petitioners and 0. Sharon, the organizer of the California corporation.
The names of neither of- the corporations, the Indiana nor the California, are signed to either of the agreements of January 6, 1923, or March 29, 1923, such agreements, however, being signed by all the stockholders of the Indiana corporation, who thus contracted with one another to have the stock of the California corporation, to which they were entitled, controlled by one of their number, Henry L. Erlewine, as trustee.
In order that no misunderstanding might arise about the rights of the individual stockholders relative to the stock of the California corporation, the agreement of March 29, 1923, was executed, wherein it is made plain that the stockholders individually rather than the Indiana corporation had the right of disposition of the stock of the California corporation issued and standing in their names.
The evidence does not, it is true, indicate that the Indiana corporation formally declared a dividend. It does appear, however, that the assets of such corporation to the amount of $50,000 were appropriated for the purpose of paying in or acquiring the capital stock of the California corporation and that each of the stockholders was credited with his proportionate share of such stock.
No formal dividend declaration was necessary to constitute a distribution as a taxable dividend. Peabody v. Eisner, 247 U. S. 347; United States v. Phellis, 257 U. S. 156.
The Commissioner’s determination is presumed to be correct and as the petitioners raised no question as to available earnings of the Indiana corporation being sufficient that a dividend of $50,000 could have been declared and as there is no evidence to the contrary adduced, it may be presumed that the accumulated earnings were, in fact, sufficient to cover the distribution of the California corporation stock among the Indiana corporation stockholders, as indicated in aforesaid agreements and as shown by the journal entries on the books of the Indiana corporation, where the number of shares of the California corporation standing in the name of each stockholder of the Indiana corporation is set out.
*258 The fact that the trust agreement of January 6, 1923, recognizes the Indiana corporation as an interested party in the California corporation and might receive benefits therefrom is not controlling as to actual ownership of the stock of the latter, in the light of the facts and circumstances of the cases.
The Indiana and California corporations were separate and distinct entities, organized at different times, in different States and governed by different laws.
The acquisition of the stock of the latter by the former or by the stockholders of the former (whichever view may be taken) did not constitute such stock Indiana corporation stock, of the kind and character of its own capital stock, but was merely so much property, in the form of stock in another corporation and a distribution of such stock among stockholders in proportion to their holdings in the Indiana corporation, as the evidence shows was done in the instant cases, was in our opinion, in fact or in effect, in the nature of an informal property dividend or distribution of the stock of another corporation among stockholders of the Indiana corporation and as such is a taxable distribution or dividend and not a stock dividend, in the sense in which that phrase is used in the statute.
The resolution passed by the stockholders on November 25, 1922, and the journal entries on the books of the Indiana corporation indicate that the California corporation stock was of par value and was so accepted, and there being no evidence introduced to establish that the fair market value of the same was ever any less, we are of the opinion that the Commissioner committed no error and accordingly approve his determination in the instant cases.
Reviewed by the Board.

Judgment will be entered for the respondent.