SAM F. ZILIOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

KATHRYN R. ZILIOX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 22515, 22516. Promulgated April 24, 1930.

*Joseph Getz, Esq.*, for the petitioners.
*Harold Allen, Esq.*, for the respondent.

### OPINION.

ARUNDELL: The decision of whether the stock received by the petitioners constitutes taxable income, is, in our opinion, controlled by the rule announced in *Peabody* v. *Eisner*, 247 U. S. 347, followed in *United States* v. *Phellis*, 257 U. S. 156, and *Rockefeller* v. *United States*, 257 U. S. 176.

The Printing Co. acquired, through the sale of part of its assets, stock of the Building Co. This stock was accepted with the intention of distributing it *pro rata* among its stockholders. Promptly upon the consummation of the sale, the directors of the Printing Co. declared a dividend in an amount equal to the par value of the stock received, payable in such stock. The dividend was paid, and as a result, Sam F. Ziliox received 92¼ shares and his wife 390 shares of stock of the Building Co., the par value of which the respondent included in their income for 1921 as dividends subject to surtax.

In the *Peabody* case the Union Pacific Railroad Co. on March 2, 1914, paid on each share of its common stock a dividend of $3 in cash, and $12 and $22.50 in par value of common and preferred stock, respectively, of the Baltimore & Ohio Railroad, which stock it then owned. After referring to its prior decisions in *Towne* v. *Eisner*, 245 U. S. 418, and *Southern Pacific Co.* v. *Lowe*, 247 U. S. 330, cases relied upon by the petitioners, particularly the former one, the court remarked:

> It hardly is necessary to say that this case is not ruled by our decision in *Towne* v. *Eisner*, since the dividend of Baltimore & Ohio shares was not a stock dividend but a distribution in specie of a portion of the assets of the Union Pacific, and is to be governed for all present purposes by the same rule applicable to the distribution of like value in money.

The petitioners here say that the transaction did not give them anything really different from what they had before. In other

words, they say that before the sale their interest in the property sold was represented by stock of the Printing Co. and afterwards by stock of the Building Co.—a change in form of ownership that did not produce taxable income. In support of their position that the whole transaction was a matter of bookkeeping, and, therefore, merely a change in form, not substance, they cite, among other cases, *Southern Pacific Co.* v. *Lowe, supra*, and *Gulf Oil Corporation* v. *Lewellyn*, 248 U. S. 71. In the case of *Rockefeller* v. *United States*, 257 U. S. 176, a case in which the facts were essentially the same as in the instant case, the court, after stating that the issuance of stock received in exchange for property to stockholders as a dividend did not of itself enhance the wealth of such stockholders, said:

Nevertheless the new stock represented assets of the oil companies standing in the place of the pipe line properties that before had constituted portions of their surplus assets, and it was capable of division among stockholders as the pipe line properties were not. The distribution, whatever its effect upon the aggregate interests of the mass of stockholders, constituted in the case of each individual a gain in the form of actual exchangeable assets transferred to him from the oil company for his separate use in partial realization of his former indivisible and contingent interest in the corporation surplus. It was in substance and effect, not merely in form, a dividend of profits by the corporation, and individual income to the stockholder.

The petitioners next contend that the stock did not have a readily realizable market value in 1921, and, lacking such a value, the respondent is without authority to tax them on any part of the dividend until the stock is converted into cash or property having a readily realizable market value. Section 201 of the Revenue Act of 1921 defines the term " dividend " as " any distribution made by a corporation to its shareholders or members, whether in cash or other property * * *." The respondent has determined that the dividends in question were taxable under the Revenue Act to petitioners. The petitioners have offered no evidence that the stock in the Building Co. distributed to them had no readily realizable market value. They raise at best only a moot question with which we need not concern ourselves. The dividends in our opinion were properly subjected to the tax.

Kathryn R. Ziliox argues that, even though we should hold the dividend to be taxable, since she did not receive the stock until 1922, it is not income to her in 1921. A similar complaint is not being made by her husband.

Section 201 (e) of the 1921 Act provides that "a taxable distribution made by a corporation to its shareholders or members shall be included in the gross income of the distributees as of the date when the cash or other property is unqualifiedly made subject to their demands."

The dividend was declared December 21, 1921, without any designation of a date for payment. No notification was given her by

the Printing Co. or the secretary of the Building Co. that the dividend had been declared or that the stock was ready for delivery. The stock certificates were issued on December 22, 1921, on and after which date they could have been obtained by the petitioner upon application at the office of the issuing corporation. The stock was actually received on January 21, 1922.

In *Commissioner* v. *Bingham*, 35 Fed. (2d) 503, reversing 8 B. T. A. 603, dividends declared by several corporations in 1922, payable on or about December 31, 1922, were paid by checks dated December 30 and 31, 1922, on which dates they were mailed from the office of the corporations, but were not received by the taxpayer during the year 1922. The taxpayer was on the cash basis of reporting income and there is nothing in the facts of the case to show that the taxpayer had knowledge in 1922 that the dividends had been declared. In holding that the amount of the dividends was taxable in the year 1922, the court said:

> The dividend was declared and payable in 1922. It follows, therefore, that the respondent immediately and before the expiration of the year 1922 became a creditor of the corporations. [Cases cited.] As a creditor, he had a right to demand his debt in money, for debts are payable in money. In other words, the cash was subject to his demand. The corporations were then liable.
>
> \*       \*       \*       \*       \*       \*       \*
>
> That it was not convenient and was perhaps physically impossible for him to appear at the offices of the various corporations before the year closed and demand the cash did not destroy his legal right to do so.

Following this decision, the respondent's action in holding the dividend received by Kathryn R. Ziliox to be taxable in 1921 is sustained.

*Decision will be entered for the respondent.*