## BARTLETT et al. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 3624.

Circuit Court of Appeals, Fourth Circuit.
June 11, 1934.

J. Kemp Bartlett, of Baltimore, Md. (Edgar Allan Poe, of Baltimore, Md., on the brief), for petitioners.

Lucius A. Buck, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before PARKER and NORTHCOTT, Circuit Judges, and PAUL, District Judge.

NORTHCOTT, Circuit Judge.

This is a petition to review a decision of the United States Board of Tax Appeals. The decision of the Board is reported in 28 B. T. A. 285 and involves deficiencies in income tax determined against each of the petitioners for the calendar year 1929, by the Commissioner of Internal Revenue.

During the year 1929, J. Kemp Bartlett, Edgar Allan Poe, and L. B. Keene Claggett, were engaged in the practice of law in the city of Baltimore as copartners. Claggett has since died and Bartlett and Poe are surviving executors of his estate. On September 7, 1929, the copartnership received five hundred shares of the common stock of the Consolidated Instrument Company of America as compensation for legal services rendered. The stock was listed on the Baltimore Stock Exchange and the New York Curb Exchange, and during the period from September 7 to September 13, 1929, sold at prices ranging from $18 to $20 per share. On De-

cember 31, 1929, it sold at $3 per share. In computing partnership net income for the taxable year, the stock was included by the partners, at its market value on December 31st of that year. The Commissioner determined that the fair market value on September 7, 1929, was $18 per share and included that amount in the copartnership net income. This resulted in the deficiencies involved herein amounting to $896.63 against the said Bartlett, $348.10 against the said Poe, and $121.94, against the estate of said Claggett. The Board of Tax Appeals affirmed the findings of the Commissioner. The copartnership divided its net earnings on December 31, 1929. The only question involved here is what date should be used in fixing the fair market value, for the purpose of taxation, of the stock, the date of its receipt by the copartnership or the date of the distribution of the profits of the copartnership.

Income may be in property and is taxable under the same rule as an income in money. Peabody v. Eisner, 247 U. S. 347, 38 S. Ct. 546, 62 L. Ed. 1152. The language of section 22 (a) of the Revenue Act of 1928 (26 USCA § 2022(a), in defining "gross income" includes the fair market value of property and property rights as well as money. Crowell v. Commissioner (C. C. A.) 62 F. (2d) 51.

The ruling of the Commissioner and the decision of the Board that the income of the copartnership should include the fair market value of the stock, as of the date of receipt thereof, whether distributed or not, is authorized by section 182, of the Revenue Act of 1928 (26 USCA § 2182), and is supported by the decided cases. United States v. Phellis, 257 U. S. 156, 42 S. Ct. 63, 66 L. Ed. 180. Snead v. Elmore (C. C. A.) 59 F.(2d) 312.

The fair market value of the property was evidenced by actual sales on the market and the Board found as a fact that the value fixed by the Commissioner was a correct one. Findings of a Commissioner approved by the Board of Tax Appeals are prima facie correct and the petitioners have not shown affirmatively that the values fixed by the Commissioner were wrong. Burnet v. Houston, 283 U. S. 223, 51 S. Ct. 413, 75 L. Ed. 991.

It is not necessary to cite authorities to the effect that findings of fact made by the Board of Tax Appeals, sustained by substantial evidence, should not be disturbed.

The decision of the Board is accordingly affirmed.