**MORRIS RUN COAL MINING CO. v. PHILLIPS, Collector of Internal Revenue.**

No. 3349.

District Court, M. D. Pennsylvania.
Aug. 10, 1934.

H. R. Van Deusen, of Scranton, Pa., and H. Kennedy McCook, of Washington, D. C., for plaintiff.

Frank J. Wideman, Asst. Atty. Gen., Andrew D. Sharpe and E. E. Angevine, Sp. Assts. to Atty. Gen., and Frank J. McDonnell, U. S. Atty., of Scranton, Pa., for defendant.

WATSON, District Judge.

This is an action in assumpsit brought by Morris Run Coal Mining Company v. David W. Phillips, Collector of Internal Revenue for the Twelfth district of Pennsylvania, to recover the sum of $9,496.20, with interest, an alleged overpayment and overassessment of plaintiff's income tax for the year 1924. By stipulation filed, a jury was waived and the case was tried by the judge.

The evidence in the case consisted of paragraphs 1 to 15, inclusive, of the statement of claim, a portion of paragraph 18 of statement of claim, as follows, "No part of said over payment or interest has been credited, repaid, or refunded," Exhibits A, B and C, attached to the statement of claim, and Exhibits 1 and 2 attached to the affidavit of defense. The court finds from the evidence the facts to be as follows: The plaintiff, a corporation of the state of Pennsylvania, was in the year 1924 the owner of 4,500 shares of stock of the Lehigh Valley Railroad Company, which it acquired subsequent to March 1, 1913, for the total sum of $294,300. The Lehigh Valley Railroad Company in 1924, and for several years prior thereto, owned all of the outstanding shares of stock of the Lehigh Valley Coal Company. In December, 1920, the Supreme Court of the United States, by its decree, ordered that the Lehigh Valley Railroad Company should disassociate itself from the Lehigh Valley Coal Company, so that the companies would be entirely independent of each other. Thereafter, and in March, 1924, the Lehigh Valley Railroad Company transferred to trustees all its right, title, and interest in the stock of the Lehigh Valley Coal Company. The trustees were to pay therefor the sum of $1,212,160, and were to issue shares of interest in such stock; the number of shares corresponding with the number of shares of stock of the Lehigh Valley Railroad Company outstanding. The Lehigh Valley Railroad Company issued assignable subscription rights to the Lehigh Valley Railroad Company stockholders of record on March 15, 1924, authorizing each of them to subscribe for the same number of shares of interest in the stock of the Lehigh Valley Coal Company as the number of shares of Lehigh Valley Railroad Company stock held by each on that day. The plaintiff subscribed for 4,500 shares of interest in the Lehigh Valley Coal Company stock at $1 per share. On November 29, 1924, the plaintiff sold its 4,500 shares of Lehigh Valley Railroad Company stock for the sum of $316,333.50. The plaintiff held 4,500 shares of interest in the stock of the Lehigh Valley Coal Company through 1924. The value of the subscription rights on March 15, 1924, was $30.25 per share. The Lehigh Valley Railroad Company had sufficient earnings accumulated subsequent to March 1, 1913, to pay 79.21 per cent. of the distribution of its stock in the Lehigh Valley Coal Company, and sufficient earnings accumulated prior to March 1, 1913, to pay the remainder of said distribution, or 20.79 per cent. The plaintiff, in its income tax return for the year 1924, reported a profit for the sale of its 4,500 shares of Lehigh Valley Railroad Company stock, as follows:

4,500 shares, Lehigh Valley Railroad stock sold for .........$316,333.50
Less cost ..................... 294,300.00
_____
Profit reported ..........$ 22,033.50

The defendant contended that the value of the Lehigh Valley Coal Company stock acquired by the plaintiff should be deducted from the cost of the Lehigh Valley Railroad Company stock, making the profit realized by the plaintiff, $152,354.82. Thereafter, the Commissioner of Internal Revenue assessed an additional tax in the amount of $9,496.20, and interest of $2,378.33. On May 27, 1929, the plaintiff paid to the defendant the amount of the assessment and interest. No part of said overpayment or interest has been credited, repaid, or refunded.

The plaintiff now contends that the shares of interest in the Lehigh Valley Coal Company stock which it received was a dividend, and that the amount received by it was $136,125, of which $28,300.39, or 20.79 per cent., was paid by the Lehigh Valley Railroad Company from earnings accumulated prior to March 1, 1913, and should reduce the cost of the Lehigh Valley Railroad Company stock which it held and sold in 1924, and the balance, $107,824.61, or 79.21 per cent., was paid

from earnings accumulated since February 28, 1913, was a dividend received from a domestic corporation, and should be allowed as a deduction.

In the Revenue Act of 1924, § 201 (a) (b), 43 Stat. 254 (26 USCA § 932 (a, b), provides: "Sec. 201. (a) The term 'dividend' when used in this chapter * * * means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913. (b) For the purposes of this chapter every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits. Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax after the earnings and profits accumulate after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 935."

The Commissioner's Regulations 65, promulgated pursuant to the Revenue Act of 1924, article 1542 provides: "Source of distribution—For the purpose of income taxation every distribution made by a corporation is made out of earnings or profits to the extent thereof and from the most recently accumulated earnings or profits."

In Leland v. Commissioner of Internal Revenue (C. C. A.) 50 F.(2d) 523, 525, the court said: "Nor do we think that Congress exceeded its constitutional power by providing that, so long as a corporation has on hand earnings and profits accumulated since 1913, any distribution to its stockholders should be conclusively presumed to be a dividend out of such earnings or profits. It is evident that Congress intended that a stockholder, to whom distributions were made while a corporation had earnings or profits on hand, should not escape the burdens of the income tax law through the directors of the corporation undertaking to make distributions from some other source. The statute does not convert what is not income into income. It simply requires that, while there are earnings or profits, the distributions to the stockholders shall be made from such earnings or profits, and any distributions made while such earnings or profits exist shall be deemed to have been so made."

The facts in the case indicate that the Lehigh Valley Railroad Company had sufficient earnings with which to pay the dividends in question. The amount received by the plaintiffs was a dividend paid in shares of interest in the Lehigh Valley Coal Company stock. The plaintiff is a corporation and is not subject to income tax upon dividends received by it. Section 234 (a) (6), Revenue Act of 1924 (USCA, title 26, § 986 (a) (6). The dividend received by the plaintiff out of earnings accumulated subsequent to March 1, 1913, was not subject to income tax in the hands of the plaintiff. The dividend received by the plaintiff out of earnings accumulated prior to March 1, 1913, was also a tax free distribution to the plaintiff, but must be used to reduce the cost basis of the stock, as provided in section 201 (b) of the Revenue Act of 1924.

In Metcalf's Estate v. Commissioner of Internal Revenue (C. C. A.) 32 F.(2d) 192, 194, it was said: "Where a stockholder receives a distribution of the assets of a corporation in cash or in stock of a different enterprise, such distribution is for taxing purposes a dividend. No sound distinction can be drawn between a distribution of stock of another corporation and one of valuable rights to purchase such stock. Each may be had at its selling price. The rights this petitioner sold netted $18 per right. They amounted to a distribution of assets of the company of which it was a stockholder, just as much as an actual distribution of stock of the Baltimore & Ohio Railroad by the Union Pacific Company did in the Peabody Case [247 U. S. 347, 38 S. Ct. 546, 62 L. Ed. 1152]. There was a distribution in specie of a portion of the assets of the Southern Pacific Company. A distribution of earnings or assets of a corporation is a distribution, whether or not so determined."

Under the facts found from the evidence in this case, I cannot agree with the contention of the defendant that the distribution by the Lehigh Valley Railroad Company of stock in the Lehigh Valley Coal Company was not a dividend, but was a return of capital to the stockholders; for to do so would necessitate the assumption of facts of which there is not evidence.

In conclusion, I find that the Lehigh Valley Railroad Company issued rights which were a distribution of earnings as dividends, and not subject to tax when received by plaintiff, a stockholder, a corporation.

That the profit on the sale by the plaintiff of its 4,500 shares of the Lehigh Valley Railroad Company stock in the year 1924 should be computed upon the difference between the cost of such stock reduced by the amount paid

to it out of earnings accumulated prior to March 1, 1913, and the selling price thereof.

That the distribution of the Lehigh Valley Coal Company stock was not part of a plan of reorganization within the contemplation of section 203 (h) (i) of the Revenue Act of 1924 (USCA, title 26, § 934 (h, i) ; and therefore, section 204 (a) (9) of the same act (US CA, title 26, § 935 (a) (9) has no application.

Now, August 10, 1934, judgment is directed to be entered in favor of the plaintiff and against the defendant for the sum of $9,496.-20, with interest thereon from the 15th day of March, 1925.