*Decision will be entered under Rule 50.*

MARIE MINOR SANBORN AND J. A. MINOR, FORMER EXECUTRIX AND EXECUTOR OF THE ESTATE OF WILLIAM E. MINOR, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 66387.   Promulgated February 14, 1936.

*Llewellyn A. Luce, Esq., John M. Cleary, Esq.*, and *Phil D. Morelock, Esq.*, for the petitioners.

*Shelby S. Faulkner, Esq.*, for the respondent.

# 1122

OPINION.

TURNER: The respondent has determined that the action taken at the meeting of the stockholders of the Midland Realty Co. on February 13, 1929, constituted the declaration of a dividend to the extent of the surplus accumulated and undistributed from and after February 28, 1913, and to that extent constitutes taxable income to the decedent's estate. The petitioners take issue with this determination on two grounds: First, that the transfer of the real estate direct to Marie Minor Sanborn from the Midland Realty Co. was not a dividend received by the estate, and second, that if it was a dividend received by the estate, it was immediately distributed, and under the provisions of section 162 (c)[1] of the Revenue Act of 1928, is an allowable deduction in determining net income.

---

[1] SEC. 162. (c) In the case of income received by estates of deceased persons during the period of administration or settlement of the estate, and in the case of income which, in the discretion of the fiduciary, may be either distributed to the beneficiary or accumulated, there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust for its taxable year which is properly paid or credited during such year to any legatee, heir, or beneficiary, but the amount so allowed as a deduction shall be included in computing the net income of the legatee, heir, or beneficiary.

In support of the contention that the estate received no dividend from the Midland Realty Co., the petitioners argue that the real estate in question was transferred direct to Marie Minor Sanborn for good and valuable consideration, or to use the words of the brief, "In consideration of one dollar and in compliance with the terms of decedent's will the property was conveyed to her by warranty deed." The recital of the one dollar consideration is obviously a matter of form, nothing more. There was nothing resembling a purchase of the property from the Midland Realty Co., and the resolutions of the stockholders indicate that no payment therefor was expected. With reference to the statement that the property was transferred in compliance with the terms of decedent's will, the same statement would be equally applicable if the will had provided that the dividends to be paid on certain stock owned by the decedent were to go to Marie Minor Sanborn and arrangements had been made for the dividends to be paid to her direct. In such a case we doubt that it would be seriously contended that the distributions so made on such stock were not dividends merely because made under specific direction of the will and because for convenience they were paid direct to the beneficiary designated by the will to receive them.

In section 115 (a) and (b) of the Revenue Act of 1928, the term "dividend" is defined "as any distribution made by a corporation to its shareholders, whether in money or other property, out of its earnings or profits accumulated after February 28, 1913;" and further, it is provided that "every distribution is made out of earnings or profits to the extent thereof, and from the most recently accumulated earnings or profits." In our opinion the facts show the distribution of a dividend to the extent of $212,200.79. *Security First National Bank of Los Angeles, Executor*, 28 B. T. A. 289. In so far as the issue here under consideration is concerned, facts in that case parallel the facts in the instant case. The distribution was made to a third party, was a distribution in kind, and was not designated as a dividend. As we there pointed out, a dividend may be paid in kind, *Peabody* v. *Eisner*, 247 U. S. 347, and it need not be called a dividend, *Phelps* v. *Commissioner*, 54 Fed. (2d) 289, affirming, 20 B. T. A. 866; certiorari denied, 285 U. S. 558. With reference to payment to a third party, we pointed out that the transfer was so made solely to accommodate the stockholder. Such was the situation here. The estate was the stockholder and the transfer of the real estate to Marie Minor Sanborn was for its accommodation and benefit. It was relieved of the payment of a cash bequest and the stock was made available for other purposes. We accordingly hold that the distribution to the extent of $212,200.79, the surplus earned and accumulated from and after February 28, 1913, constituted a dividend to the estate within the meaning of the act.

Our next consideration is the alternative contention of the petitioners that they are entitled to deduct the amount of the dividend under the terms of section 162 (c), *supra*. In that section it is provided that "there shall be allowed as an additional deduction in computing the net income of the estate or trust the amount of the income of the estate or trust * * * which is properly paid or credited during such year to any legatee, heir, or beneficiary." The facts show that the entire amount of the dividend was paid to one of the beneficiaries of the estate, and from this it is argued that the estate is entitled under section 162 (c) to the deduction claimed. The Supreme Court has held, however, that it is not enough that income to an estate or trust is actually used in making a distribution to beneficiaries, but that the payment must be paid out of income as such, *Burnet* v. *Whitehouse*, 283 U. S. 148, and that a distribution is not a distribution of income as such, if the distribution is payable in any event and is not dependent upon the receipt of the income by the estate. *Helvering* v. *Pardee*, 290 U. S. 365. Cf. *Irwin* v. *Gavit*, 268 U. S. 161.

The instant case, in our opinion, falls within the rule laid down in *Burnet* v. *Whitehouse* and *Helvering* v. *Pardee*, *supra*. The decedent made alternate bequests leaving it to the beneficiary to elect to receive money, real estate, or stock, and in neither case was the payment of the bequest to be dependent upon the receipt of income by the estate. The will did not provide that Marie Minor Sanborn, as executrix, could vote the distribution of the real estate only if the surplus of the Midland Realty Co. was sufficient to vote a dividend equal in value to the said real estate. Furthermore, the facts show that the value of the real estate distributed was in excess of the surplus available for dividend distribution. The daughter, as executrix, had the right to vote the distribution, even though the corporation had no surplus, and if such a distribution was voted, the entire property distributed thereby was, by the terms of the will, to be transferred to Marie Minor Sanborn regardless of the receipt of income by the estate.

We accordingly hold that even though a portion of the real estate so transferred to Marie Minor Sanborn was income to the estate, it was not distributed to her as income and, within the meaning of section 162 (c), *supra*, is not deductible in determining the net income of the estate.

Reviewed by the Board.

*Decision will be entered for the respondent.*