## COMMISSIONER OF INTERNAL REVENUE v. MAYER.

### No. 5755.

Circuit Court of Appeals, Seventh Circuit.

Nov. 30, 1936.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and Ellis N. Slack, Sp. Assts. to the Atty. Gen., for petitioner.

L. A. Luce, of Washington, D. C., for respondent.

Before EVANS, Circuit Judge, and LINDLEY and BRIGGLE, District Judges.

EVANS, Circuit Judge.

The Internal Revenue Commissioner determined that respondent was liable for a deficiency income tax for the year 1929 based upon the fair market value of rights (warrants) issued to him in 1929 as a stockholder of corporation A. The warrants gave him the right to subscribe for stock in corporations B and C, which stock was owned by A, at prices below the existing market price. Respondent exercised his rights in 1929. The stock thus acquired by him in 1929 was not sold in that year. Was the difference between market and warrant price of stock taxable as income to respondent in 1929?

The Commissioner ruled against respondent. The Board of Tax Appeals set aside the Commissioner's determination and held that no taxable income was received by the taxpayer in 1929 and none could be determined until the stock acquired by virtue of the warrants was sold, at which time profits or losses would be ascertained.

After the Board decided respondent's case, the Circuit Court of Appeals of the Second Circuit, in a case involving very similar facts (Ramapo, Inc. v. Commissioner, 84 F.(2d) 986), held that to the extent that the value of the stock for which rights were issued exceeded the price payable therefor, they were dividends within the meaning of the Revenue Act of 1928.

We agree with this conclusion.

Section 115 of the Revenue Act of 1928 (26 U.S.C.A. § 115 and note) defined dividends as follows:

"(a) *Definition of dividend.* The term 'dividend' when used in this title [chapter] (except in section 203 (a) (4) and section 208 (c) (1), relating to insurance companies) means any distribution made by a corporation to its shareholders, whether in money or in other property, out of its earnings or profits accumulated after February 28, 1913."

We assume that for purposes of taxation the meaning of the word "dividend" may differ from that which is ordinarily given to the term by courts. Equally clear is it that a common stock dividend in the same company to common stockholders, is not taxable. Towne v. Eisner, 245 U.S. 418, 38 S.Ct. 158, 62 L.Ed. 372, L.R.A.1918D, 254; Eisner v. Macomber, 252 U.S. 189, 40 S.Ct. 189, 64 L.Ed. 521, 9 A.L.R. 1570. Equally well settled are the rulings to the effect that a dividend of stock of another company may be the subject of an income tax. Peabody v. Eisner, 247 U.S. 347, 38 S. Ct. 546, 62 L.Ed. 1152; U. S. v. Phellis, 257 U.S. 156, 42 S.Ct. 63, 66 L.Ed. 180; Rockefeller v. U. S., 257 U.S. 176, 42 S. Ct. 68, 66 L.Ed. 186. Also it is settled that the grant of a right to purchase stock is essentially analogous to a dividend of stock.

From the foregoing it follows that when the right to purchase stock is not for the stock of the company issuing the rights, the rights are taxable. In other words, there is a difference not only between the dividend of stock of a company of which the grantee is a stockholder and the case where the dividend consists of stock of another company, but there is also a difference between the right (evidenced by warrant) to buy stock of the issuing company and the right to buy stock of another company. We see no basis for a distinction between the distribution of stock of another corporation and the issuance of a right or warrant (if valuable) to purchase such stock.

There may be, however, a legitimate controversy over the date when the dividend represented by a warrant is received, provided its physical possession comes into the hand of the stockholder in one taxable year and is exercised by him the suc-

ceeding taxable year. When the life of the warrant is long, a variance in price of the stock may greatly change the value of the warrants, and the question of date of dividend becomes important in determining the amount of taxable income.

On the one side it may be argued with some force that the warrant is a grant of an option which may or may not be exercised by the grantee; that exercise is necessary to complete the dividend. On the other side, it may well be urged that a warrant possessing value is like unto a certificate of stock in that it has a present value, is a distribution made by a corporation to its shareholders, and therefore the date of the receipt of the warrant by the stockholder is the day for determining its value.

In the instant case, no question of amount of income or value of stock due to difference in date of issuance of warrant and the time of exercise, arises. The warrant was exercised in the same year it was issued. In one instance respondent exercised the right the same day the warrant was received. The value of the stock was capable of definite ascertainment on said date as many shares were sold on the stock exchange. It follows that the order must be and is therefore

Reversed.