### MANUFACTURERS PAPER CO. v. COMMISSIONER OF INTERNAL REVENUE.
### No. 64.

Circuit Court of Appeals, Second Circuit.
April 17, 1939.

John G. Turnbull, of New York City, for petitioner Manufacturers Paper Co.

James W. Morris, Asst. Atty. Gen., and Sewall Key and Morton K. Rothschild, Sp. Assts. to Atty. Gen., for respondent Commissioner of Internal Revenue.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The redetermination of the petitioner's 1924 income taxes by the Board of Tax Appeals was reversed by this court in an opinion reported at 2 Cir., 89 F.2d 684, 686, which said: "No finding was made as to the value of the timberland assets. To correct this omission in the findings, the cause should be remanded". Thereafter the Commissioner of Internal Revenue filed a petition for a rehearing in which he contended that a distribution of $200,000 in stock of Timberlands Company to stockholders of Shawmut Manufacturing Company (hereafter called Shawmut) was a return of capital which, under Section 201(d) of the Revenue Act of 1924, 43 Stat. 254, would reduce the tax basis for the stock of Shawmut, and thus increase the taxable profit realized by the sale of the stock in August 1924.

Section 201(d) reads as follows:

"Sec. 201. * * * (d) If any distribution (not in partial or complete liqui-dation) made by a corporation to its shareholders, is not out of increase in value of property accrued before March 1, 1913, and is not out of earnings or profits, then the amount of such distribution shall be applied against and reduce the basis of the stock provided in section 204, and if in excess of such basis, such excess shall be taxable in the same manner as a gain from the sale or exchange of property. * * *"

The taxpayer argued that the distribution of $200,000 in stock of Timberlands Company was paid out of increase in value of property accrued prior to March 1, 1913, and, therefore, was not within the provisions of Section 201(d). We agreed with the position of the taxpayer and denied the motion for a rehearing accordingly.

When the proceeding was remanded pursuant to the directions of our former opinion, reported in 89 F.2d 684, the Board made a finding that the value of the timberland assets on March 1, 1913, was $450,000. It also found that the value of the stock of Shawmut free of corporate debts and without including the timberlands in the assets was $1,300,000. The corporate liabilities of Shawmut on March 1, 1913, amounted to $1,030,201.10. Accordingly the total assets were then $1,-750,000 and the net worth was $719,798.-90. The original capital stock of Shawmut consisted of 2,000 shares issued at $100 per share, making a total capital of $200,000. There is no evidence of any additions of capital prior to March 1, 1913, and the Board found that the company had no earnings or profits accumulated before that date. Therefore, on March 1, 1913, there was a surplus of ($719,798.90 minus $200,000) $519,798.90 which must have arisen from an increase in value of the assets.

The Board held that the $200,000 dividend distributed some time in March, 1913, was either a return of capital or a distribution out of an increase in value of corporate property accrued before March 1, 1913, and that in either case Section 201 (b) of the Act of 1924 required that the basis of the Shawmut stock be reduced. That section provides as follows: "* * * Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28,

1913, have been distributed, but any such tax-free distribution shall be applied against and reduce the basis of the stock provided in section 204."

█ Section 201(b) did not require a reduction of the basis because the taxpayer paid an income tax on the amount of the dividends distributed to it in March, 1913. (Record, fol. 560, on first appeal). Such a payment was taxable to the shareholder under the law as it then existed. Lynch v. Hornby, 247 U.S. 339, 38 S.Ct. 543, 62 L.Ed. 1149. Inasmuch as the distribution was not tax-free it should not be so applied as to reduce the basis of the stock. The provision that any tax-free distribution shall reduce the basis of the stock contains the negative implicâtion that a distribution that is not tax-free will not reduce such basis. Even the provisions of the later acts require an adjustment in basis only "for the amount of distributions previously made which, under the law applicable to the year in which the distribution was made, either were tax-free or were applicable in reduction of basis * * *". Act of 1932, 26 U.S.C. A. § 113 note, and Acts 1934, 1936, 1938, Sections 113(b) (1) (D), 26 U.S.C.A. § 113(b) (1) (D).

Prior to the 1921 Act there was no provision relating to the reduction of cost or other basis by the amount of tax-free distributions in determining gain or loss on a subsequent sale of the stock. The report of the Senate Finance Committee on the 1924 Act (Sen.Rep. No. 398, 68th Cong., 1st Sess.) stated (at p. 11):

"In subdivision (b) of the existing law, it is provided that tax-free distributions out · of earnings and profits accumulated prior to March 1, 1913, shall be applied against and reduce the basis of the stock only for the purpose of determining a loss from the subsequent sale of the stock; such a distribution is not applied against the basis of the stock for determining the gain from its sale. The bill in section 201(b) provides that a distribution out of earnings and profits accumulated prior to March 1, 1913, shall be applied against the basis of the stock for the purposes of determining both gain and loss from its subsequent sale.

"The theory which causes the allowance of the receipt of the dividend free of tax is that this distribution, being out of earnings accumulated prior to March 1, 1913, constitutes a return of capital to the stockholder. If it is treated as a return of capital for purposes of taxation, it should manifestly be considered a return of capital for purposes of determining his capital investment in the stock, and the resulting gain or loss from its subsequent sale."

In our opinion the reduction of the basis of the Shawmut stock by the amount of a distribution, which was not regarded as a return of capital and was properly taxed to the shareholder as income in 1913, would be inconsistent both with the text and the purpose of the 1924 Act. It would involve the hardship to the taxpayer of treating the same items of property as income for one purpose and as capital for another and of finally subjecting them to income taxes twice.

█ On this appeal the Commissioner has abandoned the Board's position that Section 201(b) requires that the basis of the Shawmut stock should be reduced by the payment of the $200,000 dividend and again relies on Section 201(d) as a justification for claiming that the distribution in 1913 reduced the basis and accordingly increased the gain to the petitioner when it sold Shawmut stock in 1924. We not only rejected this claim when we denied the motion for a rehearing after deciding the first appeal but again hold that the claim is unsound, because the distribution in 1913 was out of increase in value of Shawmut's assets and so was not covered by Section 201(d). See Peabody v. Eisner, 247 U.S. 347, 38 S.Ct. 546, 62 L.Ed. 1152.

The proceeding is remanded to the Board with directions to recompute the income tax of the petitioner for the year 1924 without making any deduction from the basis of its Shawmut stock because of the 1913 dividend and to determine the amount of the overpayment by the taxpayer accordingly.

Order reversed and proceeding remanded.