W. J. CHELEY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

ESTATE OF WARREN F. BLEECKER, DECEASED, ELEANOR C. WARREN, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 102585, 102793. Promulgated November 13, 1941.

*Stephen H. Hart, Esq.,* for the petitioner in Docket No. 102585.
*Frank L. Moorhead, Esq.,* for the petitioner in Docket No. 102793.
*Gene W. Reardon, Esq.,* for the respondent.

OPINION.

STERNHAGEN: The Commissioner determined deficiencies in income tax for 1936 of $1,197.09 as to Cheley and $431.65 as to Bleecker. The facts are stipulated. Both filed their individual income tax returns in Colorado.

They were shareholders of the Zero Hour Torpedo Co., Bleecker Manufacturing Co., and Zero Hour Bomb Co. On December 14, 1936, the Torpedo Co. paid cash to the other two companies and received shares of their stock which each had held in its treasury; on December 15 it distributed these shares as a dividend. Cheley and Bleecker each received his part, and the Commissioner included in the income of each the undisputed value of the dividend and thus determined a deficiency. The petitioners assail this because they say the dividend was a stock dividend, tax-free upon the same theory as that laid down in *Eisner* v. *Macomber,* 252 U. S. 189. It is stipulated that after the dividend their percentage interests in the shares of each of the three corporations were the same as before.[1] Petitioners say that therefore they had no income. But this is to disregard the separateness of the three corporations and treat them as one, which is contrary to the recognition and treatment by the corporations themselves. Nothing in this record shows that in all respects the corporations were integrated or that they may not be treated separately. It can not be said that because the percentage of a shareholder remains the same his substantial interests are unaffected by

---

[1] This stipulation without explanation is difficult to understand, since one person who held no Bleecker shares was the recipient of the Torpedo dividend and thus became a new shareholder in the Bleecker Co.

the dividend. The Bleecker Co. and the Bomb Co. were essentially different from the Torpedo Co. in law (cf. *Marr* v. *United States*, 268 U. S. 536; *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435), and indeed, so far as the stipulation indicates, were so in fact. Normally such a dividend by one corporation in shares of another is regarded as a property dividend and taxable as such, *Peabody* v. *Eisner*, 247 U. S. 347. This is such a case unless there is reason to regard the three corporations as unified in order to bring it within the doctrine of *Eisner* v. *Macomber*, *supra*. But even if they were to be treated as unified, the terms of that decision would have to be stretched to include such a case as this; and there is no indication of a tendency to liberalize the doctrine of that decision. Cf. *Koshland* v. *Helvering*, 298 U. S. 441.

*Decision will be entered for the respondent.*