**James G. SCHAEFER, Appellant,**

v.

**Russell A. WELCH, District Director of Internal Revenue, Appellee.**

**No. 13184.**

United States Court of Appeals Sixth Circuit.

Feb. 19, 1958.

Joseph S. Platt, Columbus, Ohio, (Charles Goodwin, Jr., New York City, on the brief, Porter, Stanley, Treffinger & Platt, Columbus, Ohio, of counsel), for appellant.

Arthur I. Gould, Washington, D. C., (Charles K. Rice, Ellis N. Slack, Robert N. Anderson, Dept. of Justice, Washington, D. C., Hugh K. Martin and Richard H. Pennington, U. S. Attys., Cincinnati, Ohio, on the brief), for appellee.

Before STEWART, Circuit Judge, and BOYD and LEVIN, District Judges.

STEWART, Circuit Judge.

The facts in this tax case are undisputed and, except in broad outline, unimportant. The amount of money involved is trivial. Only one question is presented for decision. The question, however, is a new one: Under the Internal Revenue Code of 1939 was a liquidating distribution, paid by a corporation out of appreciation in the value of its property which accrued before March 1, 1913, wholly exempt from income taxation, when received by the shareholders?

The appellant was a stockholder in a New York cemetery corporation, The Evergreens. The ten shares which he owned had an adjusted basis of about $740.00. In 1952 the corporation retired all its outstanding stock and became a non-profit corporation. The appellant surrendered his shares and received a liquidating distribution of $1,750.00. About thirty dollars of this amount represented earnings and profits of the corporation accumulated after February 28, 1913. The entire balance came from an undistributed surplus account which represented appreciation in value accruing prior to March 1, 1913, of property owned by the corporation on that date, which appreciation had been realized by the corporation sometime later.

The district court held that the difference between the appellant's adjusted basis for the shares and the $1,750.00 he received upon their surrender was taxable to him as a long-term capital gain in 1952, under the provisions of Section 115 (c) of the 1939 Code, 26 U.S.C.A. § 115 (c). The appellant contends that Section 115(b) of the Code operated to exempt entirely from taxation in his hands that part of the liquidation distribution which represented pre-1913 appreciation in the value of the corporation's property. Thus is the issue presented.

It should be noted at the outset that no Constitutional problem is involved. Lynch v. Hornby, 1918, 247 U.S. 339, 38 S.Ct. 543, 62 L.Ed. 1149; Peabody v. Eisner, 1918, 247 U.S. 347, 38 S.Ct. 546, 62 L.Ed. 1152; Helvering v. Canfield, 1934, 291 U.S. 163, 54 S.Ct. 368, 78 L.Ed. 706. The question is one of statutory construction alone, and can best be posed by turning at once to the legislative provisions directly in issue. Section 22(e) of the 1939 Code provided that, "Distributions by corporations shall be taxable to the shareholders as provided in section 115." The rub comes in determining which of the provisions of Section 115 applied here. Section 115(b), upon which appellant relies provided that, "Any earnings or profits accumulated, or increase in value of property accrued, before March 1, 1913, may be distributed exempt from tax, after the earnings and profits accumulated after February 28, 1913, have been distributed, but any such tax-free distribution shall be applied

against and reduce the adjusted basis of the stock. * * *" Section 115(c), which the district court held applicable, provided that, "Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock. * * *"

The distribution was undoubtedly of an increase in value accrued before March 1, 1913, and therefore "exempt from tax" under Section 115(b), literally read. The amount distributed was undoubtedly "in complete liquidation" of the corporation, and therefore taxable as a capital gain under Section 115(c), literally read. Which of these subsections should yield to the other?[1]

 It is the appellant's position that since subsection (b) is not limited by its terms to non-liquidating distributions, it should be read as applicable to all corporate distributions covered by Section 115, overriding the "general provisions" of subsection (c) as to liquidation distributions. The appellant correctly points out that if the corporation had made the distribution before adoption of the liquidation plan, the entire amount attributable to pre-1913 appreciation in value would have been exempt from tax. It is now well settled that the exemption covers even that part of such a distribution which is in excess of the taxpayer's basis for his shares. Ernest E. Blauvelt, 1944, 4 T.C. 10; Higginson v. United States, 1948, 81 F.Supp. 254, 113 Ct.Cl. 131; Income Tax Regulations 118, § 39.-115(d)-1; see 26 U.S.C.A. Section 301 (c) (3) (B).

Counsel for the appellant also calls attention to a recent Court of Claims decision which is said to bear directly on the issue here presented, Wallace v. United States, 1956, 146 F.Supp. 444. There a corporation had made a distribution to the taxpayers in an amount which exceeded the basis of their shares. The government argued that there was insufficient proof that the distribution had been made from pre-1913 increases in property values, and that in any event the distribution was in the nature of a liquidation distribution. The court ruled against both of these contentions, stating, however: "Even if we assume for the purpose of argument that the 1948 distribution in excess of current earnings was a liquidation dividend, if the source of that distribution was pre-March 1, 1913, it would still be nontaxable as section 115(a) and (b) of the 1939 Code specifically exempts from taxation any values accruing before that date. The purported liquidating dividend would be in liquidation of such accumulations and, therefore, could not be taxed." 146 F. Supp. at page 449. Without question this dictum squarely supports the appellant's position.

 It is our conclusion, however, that the district court correctly determined that the liquidation distribution here must be treated under the provisions of Section 115(c) rather than Section 115 (b) of the 1939 Code. Subsection (c) in clear and unambiguous terms precisely stated the tax effect of liquidation distributions, without reference to whether some or all of the amounts distributed came from earnings and profits or would or would not have constituted a "dividend" under subsections (a) and (b) if distributed in the ordinary course of business by a going concern.

The inapplicability of Section 115(b) to a distribution in complete liquidation is confirmed by the provision that "any such tax-free distribution shall be applied against and reduce the adjusted basis of the stock. * * *" That provision would be totally without meaning where stock had been surrendered in complete liquidation of a corporation.

 With respect to tax consequences to the shareholder, the clear purpose of Section 115(c) was to make a corporate liquidation tantamount to a sale of his stock to a third party. If the appellant had sold his stock before the distribution, that part of the price in excess of his

---

1. The question apparently could not arise under the Internal Revenue Code of 1954. See 26 U.S.C.A. § 331(b).

basis would have been taxable to him as a capital gain, without regard to the source of the stock's value. Section 115 (c) required that precisely the same tax effect be given to what happened here.[2]

The judgment of the district court is affirmed.

---

2. As a practical matter, it is worth noting that the exemption from taxation which Section 115(b) gave to ordinary distributions of pre-1913 appreciation in value was not complete. Since such distribution had to be applied to reduce the basis of the stock, any gain realized on its subsequent sale would have been increased by the amount of the distribution (not in excess of the basis) and taxed accordingly.