Marcia B. Lay v. Commissioner.
Lay v. Commissioner
Docket No. 10988.
United States Tax Court
1950 Tax Ct. Memo LEXIS 253; 9 T.C.M. (CCH) 177; T.C.M. (RIA) 50053; March 10, 1950
Maurice Friedman, Esq., for the petitioner. Paul E. Waring, Esq., for the respondent. JOHNSON Memorandum Opinion JOHNSON, Judge: The respondent determined a deficiency in the income tax of petitioner in the amount of $1,490.10 for the taxable year ended December 31, 1943. [The Facts] The facts are stipulated and are as follows: The petitioner, a resident of the District of Columbia, filed her income tax return on a cash basis for the calendar years 1942 and 1943, with the collector of internal revenue at Baltimore, *254 Maryland. She is a widow of H. Cornell Wilson who died on July 16, 1916. By his will, H. Cornell Wilson left to petitioner 9 1/2 shares of stock of The Wilson Cypress Company, a Florida corporation, having its principal place of business at Palatka, Florida. The Wilson Cypress Company is the owner of timber lands in Florida and is engaged in the business of manufacturing and selling lumber. This stock of The Wilson Cypress Company had a fair market value of $2,500 per share on July 16, 1916, the date acquired by petitioner. The petitioner received nontaxable distributions subsequent to July 16, 1916, and prior to January 1, 1942, in excess of $2,500 per share. During the calendar year 1942, petitioner received from The Wilson Cypress Company $865 per share or a total of $8,217.50; $150 per share, or a total of $1,425 was paid of earnings and taxable as a dividend; the balance of $6,792.50 was paid out of increase in value of property accrued prior to March 1, 1913. No part of the distributions was in partial or complete liquidation of the corporation. [Opinion] The question is whether corporate distributions out of earnings representing increase in value of property *255 accrued prior to March 1, 1913, and not made in a partial or complete liquidation of the corporation, constitute taxable income to the extent that the amounts exceed the adjusted basis for the stock. The respondent contends that the distributions of $6,792.50 received by the petitioner during the taxable year 1942, which exceeded the adjusted basis for her stock and were paid out of appreciation in value of property accrued before March 1, 1913, are taxable as gain under the provisions of Section 22 (a) of the Internal Revenue Code and limited to 50 per cent thereof, under the provisions of section 117 (b). Respondent admits that the question presented in this proceeding was decided adversely to his contention in Ernest E. Blauvelt, 4 T.C. 10. Although he urges that case was erroneously decided and should be reconsidered, he makes no effort on brief to suggest any distinction from the instant proceeding, and we see no justification for departing from the now settled principle of the Blauvelt case. In conformity therewith, the respondent's determination that the petitioner should have included in taxable income the amount of $3,396.25 as a capital *256 gain is overruled. Decision will be entered for the petitioner.